UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHELLY STANFORD,                              :       Case No. 1:12-cv-736
                                              :
            Plaintiff,                        :       Judge Timothy S. Black
                                              :
vs.                                           :
                                              :
DILIGENT SUPPORTIVE LIVING, INC.,             :
                                              :
            Defendant.                        :

## ORDER:

### (1) AWARDING PLAINTIFF DAMAGES, ATTORNEY'S FEES, & COSTS (Doc. 32);
### (2) DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. 35);
### AND (3) DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE (Doc. 39)

This civil action is before the Court on Plaintiff's Verified Pleading in Support of

Damages, and Attorney's Fees and Costs Award (Doc. 32), Defendant's Motion for

Reconsideration (Doc. 35), Plaintiff's Motion to Strike (Doc. 39), and the parties'

responsive memoranda (Docs. 34, 37, 38).

## I.       RELEVANT BACKGROUND

Plaintiff Shelly Stanford filed this action against Defendant Diligent Supportive

Living, Inc. on September 26, 2012.  (Doc. 1).  Plaintiff asserted thirteen claims under

state and federal law based on her employment and termination from Defendant.  (*Id.*)

After Defendant failed to timely answer, the Clerk docketed an Entry of Default.  (Doc.

7).  Attorney Carl Lewis subsequently entered an appearance on behalf of Defendant and

filed its Answer. (Doc. 8). The Court accepted the Answer as filed and *sua sponte* vacated the Entry of Default and terminated as moot Plaintiff's application for entry of default judgment.

After settlement discussions proved unsuccessful, Plaintiff voluntarily dismissed eleven of her thirteen claims pursuant to Rule 41(a)(1) in notices filed May 30 and July 18, 2013. (Docs. 14, 15). Plaintiff subsequently filed a motion for leave to file an amended complaint on July 29, 2013. (Doc. 16). Defendant failed to timely oppose the motion, and the Court granted Plaintiff leave to amend on August 28, 2013.

Plaintiff's amended complaint pled three causes of action. (Doc. 17). Count I, failure to pay required minimum wage and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Count III, failure to pay wages in a timely manner as required under Ohio Rev. Code § 4113.15, remained from her original complaint. Plaintiff also added Count II, asserting failure to pay minimum wage and overtime compensation in violation of Ohio law. Ohio Rev. Code §§ 4111.02, 4111.03(A).

Plaintiff sought to proceed as a collective action on her FLSA claim pursuant to 29 U.S.C. § 216(b) and to proceed as a Rule 23 class on her state law claims. Finally, Plaintiff requested liquidated damages under the FLSA and state law, and an award of attorney fees and costs pursuant to 29 U.S.C. § 216(b), Ohio Rev. Code §§ 4111.10, 4113.15(B).

Defendant filed its answer to Plaintiff's amended complaint the next day, August 29, 2013.  (Doc. 18).  On September 19, 2013, a week before the discovery deadline, the parties jointly moved for a 60-day extension of the discovery deadline and dispositive motion deadline.  (Doc. 20).  The Court granted the joint motion and extended the deadlines to November 29 and December 28, 2013, respectively.  (Doc. 21).

Plaintiff timely moved for summary judgment on December 11, 2013 supported only with Plaintiff's affidavit.[1]  (Doc. 22).  After Defendant failed to timely respond, the Court issued an Order to Show Cause on January 22, 2014, directing Defendant to respond within fourteen days why Plaintiff's motions should not be granted as unopposed.  (Doc. 25).  Fourteen days later on February 5, 2014, Attorney Lewis filed a motion to withdraw (Doc. 26), and Defendant's anticipated new Counsel, Attorney Rasheed Simmonds, filed a notice of appearance (Doc. 27).

Defendant's new Counsel requested a twenty-one day extension to investigate the case and prepare its response to the pending motions.  (Doc. 28).  Plaintiff filed a response to the motion to withdraw and request for extension of time, noting Defendant's complete failure to engage in the discovery process by ignoring Plaintiff's discovery requests.  (Doc. 29).  The Court granted the motion for extension of time on February 12, 2014, affording new Counsel until March 5, 2014 to prepare and file Defendant's

---

[1] Plaintiff also filed a motion for an order conditionally certifying Plaintiff's FLSA claim as a collective action and certifying Plaintiff's state law claims as a class action.  (Doc. 23).  The Court denied this motion, filed after the close of discovery and with little supporting evidence, as conclusory, untimely, *contra* the Local Rules, and abandoned.

response to the pending motions.[2]  Defendant's response did not substantively address the pending motions; rather, it requested that the Court reopen discovery so that Defendant could adequately respond to Plaintiff's motions.  (Doc. 30).

The Court granted Plaintiff's motion for summary judgment in an Order filed April 2, 2014.  (Doc. 31).  The Court recounted in great detail the procedural history, declined to reopen discovery, and – noting that Defendant failed to provide any substantive response to the motion for summary judgment – considered the motion unopposed and the facts asserted as undisputed for purposes of Fed. R. Civ. P. 56(e)(2). Plaintiff presented uncontroverted evidence that she was employed by Defendant as a Caregiver from March 5, 2010 until August 8, 2011 and that she took care of disabled patients in their homes.  Plaintiff often worked a continuous 49 hour shift in the patient's home from 7:00 a.m. Saturday until 8:00 a.m. Monday, she was never able to get at least five hours' sleep during her shifts, she worked during break periods and meal periods, and the parties had no agreement that sleep time would be excluded from the compensable hours for the continuous shift.  Further, the Court found it undisputed that Plaintiff was paid a flat $300.00 for her continuous 49 hour shift, or $6.12 per hour, that there were numerous occasions when Defendant failed to make required bi-weekly payments to Plaintiff, and Defendant often failed to pay Plaintiff for more than 30 days after Plaintiff was supposed to receive her pay.

---

[2] The Court denied without prejudice Attorney Lewis's motion to withdraw for failure to comply with the requirements set forth in S.D. Ohio Civ. R. 83.4(c).  Attorney Lewis has not refiled a motion to withdraw in compliance with these requirements, and he participated in the April 9, 2014 status conference.

Based on these undisputed facts, the Court found that Plaintiff's sleep time must be counted as compensable time. 29 C.F.R. § 785.22. Accordingly, the Court concluded that Defendant's payment of $6.12 per hour for a continuous 49 hour shift necessitated the finding that Plaintiff was entitled to judgment as a matter of law on her claims that Defendant failed to pay minimum wage and overtime compensation as required by the FLSA and Ohio law.[3] 29 U.S.C. §§ 206(a), 207(a); Ohio Rev. Code §§ 4111.02, 4111.03(A). The Court also found that Defendant's failure to pay Plaintiff bi-weekly and often more than 30 days later entitled Plaintiff to judgment as a matter of law on her prompt pay claim. Ohio Rev. Code § 4113.15.

The Court also concluded that Plaintiff was entitled to the full extent of liquidated damages on her FLSA claim because Defendant failed to produce any evidence that it acted in "good faith" or had "reasonable grounds for believing" that its failure to pay minimum wage or overtime compensation was not a violation of the FLSA. 29 U.S.C. §§ 216(b), 260. Finally, the Court determined that Plaintiff was entitled to reasonable attorney fees and costs under the FLSA. 29 U.S.C. § 216(b). The Court indicated that it intended to enter judgment against Defendant with regard to liability on Plaintiff's claims and ordered Plaintiff to evidence her damages, attorney fees, and costs by filing a verified pleading.

After the Court granted several extensions to permit the parties to engage in settlement discussions, Plaintiff filed her Verified Pleading evidencing damages on July

---

[3] Ohio law expressly incorporates the standards and principles found in the FLSA. Ohio Rev. Code §§ 4111.02, 4111.03(A).

15, 2014. (Doc. 32). Plaintiff's Verified Pleading provided that she worked 74 shifts between March 5, 2010 and August 8, 2011, that each was a continuous 49 hour shift, and that she was paid a flat $300.00 for each shift, which amounts to $6.12 per hour. (*Id.* at 3). Accordingly, Plaintiff submitted that she was entitled to $3,344.80 in unpaid minimum wages and $3,170.16 in unpaid overtime compensation, for a total of $6,514.96 in actual damages.[4] (*Id.*) The Court determined that Plaintiff was entitled to the full amount of FLSA liquidated damages under § 216(b), which is equal to her actual damages, for a total of $13,029.92 in FLSA damages.

Plaintiff also provided that her payments were over 30 days late on 15 occasions, which she asserted entitled her to an award of $200 in liquidated damages for each violation, totaling $3,000. (Doc. 32 at 3). Together, Plaintiff argued that she was entitled to $16,029.92 in damages. Plaintiff's counsel submitted an itemized billing statement in support of his claim for $27,130 in attorney fees and $362.75 in costs. (*Id.*, Ex. 1).

After the Court granted Defendant another extension of time, Defendant filed its response together with a motion for reconsideration on August 19, 2014, arguing that the Court must reverse its Order granting summary judgment because Plaintiff provided companionship services and is an exempt employee under the FLSA. (Docs. 34, 35). In an affidavit attached to her memorandum contra, Plaintiff provides that over 20% of her hours work consisted of general household work (Doc. 37, Ex. A at ¶ 3), which would

---

[4] Plaintiff's $6.12 per hour pay was $1.13 per hour less than the minimum wage of $7.25 for the first 40 hours per week. Accordingly, she was underpaid by $45.20 for each of her 74 shifts, totaling $3,344.80. On her overtime compensation claim, her $6.12 per hour pay was $4.76 less than the minimum overtime rate of $10.88 per hour. Accordingly, Plaintiff was underpaid by $42.84 for the 9 overtime hours she worked during each of her 74 shifts, totaling $3,170.16.

exclude her from the companionship services exemption. 29 C.F.R. § 552.6. Defendant's reply brief attached an affidavit of Defendant's CEO Vermonica Pope, who stated that Plaintiff never spent more than 20% of her time on general household work. (Doc. 38, Ex. 1 at ¶ 4). Plaintiff then moved to strike the Pope affidavit. (Doc. 39).

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not provide for motions for reconsideration, *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010), and neither party addresses the appropriate standard. District courts have authority under both common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case prior to the entry of final judgment.[5] *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Nevertheless, "motions for reconsideration are disfavored." *Davie v. Mitchell*, 291 F. Supp. 2d 573 (N.D. Ohio 2003). Thus, "courts will [only] find jurisdiction for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). "Generally, a manifest injustice or a clear error of law requires unique circumstances, such as injunctive relief scenarios or superseding factual scenarios." *McWhorter v. ELSEA, Inc.*, 2:00-cv-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006). Ultimately, this Court

---

[5] The Court does not apply Rule 59(e) only because there is no entry of judgment, even though the Court conclusively ruled on all claims in the case and left only the determination of damages and fees. *See Woosley v. Avco Corp.*, 944 F.2d 313, 316-17 (6th Cir. 1991) ("A judgment is not final for purposes of appeal when the assessment of damages remains," although "in certain cases a judgment is final if only ministerial tasks in determining damages remain").

possesses "significant discretion" in determining whether to reconsider an interlocutory order. *Rodriguez*, 89 F. App'x at 959 n.7.

## III.   ANALYSIS

For the first time in this litigation, Defendant asserts in its motion for reconsideration that Plaintiff is an exempt employee under the FLSA because she was employed in domestic service employment to provide companionship services.[6]  29 U.S.C. § 213(a)(15); 29 C.F.R. § 552.6, 552.109(a).  Accordingly, Defendant argues, the Court must reverse its Order granting summary judgment because Plaintiff is excluded from the FLSA minimum wage and overtime compensation provisions.[7]  29 C.F.R. § 552.109(a); *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158 (2007).  Defendant's motion for reconsideration stresses that Plaintiff's affidavit filed in support of her motion for summary judgment clearly demonstrates that she is an exempt employee.  Although

---

[6] Pursuant to 29 U.S.C. § 213(a)(15), "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)" is exempt from the minimum wage and overtime compensation provisions of the FLSA.  The corresponding regulation defines "companionship services" as:

> those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. They may also include the performance of general household work: *Provided, however*, That such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked.  29 C.F.R. § 552.6.

Defendant does not challenge the grant of summary judgment on Plaintiff's prompt pay claim.

[7] "Employees who are engaged in providing companionship services, as defined in § 552.6, and who are employed by an employer or agency other than the family or household using their services, are exempt from the Act's minimum wage and overtime pay requirements by virtue of section 13(a)(15)."  29 C.F.R. § 552.109(a).

Defendant makes no reference to the standards for a motion for reconsideration, it appears Defendant argues that the Court must correct a clear error.

"An employer may raise a plaintiff's status as an exempt employee as an affirmative defense to claims brought under the FLSA." *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846 (6th Cir. 2012). Exemptions "are to be narrowly construed against the employers seeking to assert them." *Thomas v. Speedway SuperAmerica*, 506 F.3d 496, 501 (6th Cir. 2007). "The employer bears the burden of establishing the affirmative defense by a preponderance of the evidence, and the employer satisfies this burden only by providing 'clear and affirmative evidence that the employee meets every requirement of an exemption.'" *Orton*, 668 F.3d at 847.

An employer must generally claim an exemption in their first responsive pleading or forfeit the defense. *Hopkins v. Chartrand*, 566 F. App'x 445, 448-49 (6th Cir. 2014). Failure to raise an affirmative defense by responsive pleading does not always result in forfeiture, such as "when the plaintiff receives notice of the affirmative defense by some other means." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). Exceptions to the general rule of waiver are appropriate in limited circumstances, for example, when amendment is permitted under Rule 15(a). *Id.*

The Court must balance the competing principles of Rule 8(c)'s notice requirement and Rule 15(a)'s liberal policy permitting amendment. *Hopkins*, 566 F. App'x at 450. Failure to timely assert an affirmative defense can result in a waiver if its delayed assertion causes surprise and unfair prejudice to the opposing party. *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). However, Rule 15(a) favors resolution of

cases on their merits as opposed to the technicalities of pleadings and the Court should weigh several factors in determining whether amendment in proper, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals*, 546 F.3d at 770.

In *Hopkins*, the employer first raised the FLSA exemption in its motion for summary judgment and subsequently moved to amend his answer to assert the affirmative defense. *Hopkins*, 566 F. App'x at 447. The district court granted leave to amend by notation order without expressly analyzing whether this prejudiced the employees and proceeded to grant the employer's motion for summary judgment. *Id.* at 447-48. The Court of Appeals remanded because the district court did not balance the competing principles of Rule 8(c) and Rule 15(a). *Id.* at 450.

Upon consideration of these competing principles, the Court concludes that Defendant waived the affirmative defense. First, Defendant failed to raise the affirmative defense in its Answer to Plaintiff's original complaint (Doc. 8), its Answer to Plaintiff's amended complaint (Doc. 18), and in its response to Plaintiff's motion for summary judgment (Doc. 30). Instead, Defendant first raised Plaintiff's allegedly exempt status in its motion for reconsideration filed almost two years after Plaintiff instituted this action. The Court determines that Defendant's delayed assertion of the affirmative defense resulted in surprise and unfair prejudice to Plaintiff, and, therefore, is waived. *Smith*, 117 F.3d at 969.

Moreover, the Rule 15(a) factors weigh heavily against *sua sponte* granting leave to amend. Unlike the employer in *Hopkins*, Defendant asserted its defense well after the Court ruled on the motion for summary judgment. *Hopkins*, 566 F. App'x at 449. Defendant offers no adequate excuse for this undue delay and lack of notice. This Court has directly observed and interacted with counsel throughout the extensive course of this litigation. The Court previously declined to reopen discovery because Defendant did not provide an adequate excuse for its failure to engage in the discovery process before Attorney Lewis sought to withdraw his representation. (Doc. 31 at 2 n.1). The Court now reaffirms this decision. Defendant also provides no adequate excuse for its failure to provide a substantive response to Plaintiff's motion for summary judgment. That Defendant attempts to raise the FLSA exemption based on Plaintiff's affidavit submitted in support of her motion undermines the assertion that additional discovery was needed. Allowing Defendant to assert the affirmative defense, reverse the grant of summary judgment, and reopen discovery will unduly prejudice Plaintiff who has diligently prosecuted her case and would provide a windfall to Defendant after refusing to engage in discovery. Accordingly, the Court finds that Defendant has waived the affirmative defense.[8]

---

[8] Even if the Court considered the affirmative defense properly asserted, Defendant has not satisfied its burden through "clear and affirmative evidence" that Plaintiff meets every requirement of the exemption. *Renfro v. Ind. Mich. Power Co.*, 497 F.3d 573, 576 (6th Cir. 2007). Defendant argues that the Pope affidavit creates a genuine dispute of material fact as to whether Plaintiff is included within the companionship services exemption as defined in 29 C.F.R. § 552.6. (Doc. 38, Ex. A at ¶ 4). The affidavit does not constitute new evidence and the Court declines to consider it. (continued on next page)

Defendant's claim that its motion for reconsideration constituted the first time its new Counsel could respond to the merits of Plaintiff's motion for summary judgment is not supported by the record.  (Doc. 34 at 4).  The Court issued its Order to Show Cause on January 22, 2014, affording Defendant fourteen days to respond.  (Doc. 25).  Fourteen days later on February 5, 2014, Defendant's new Counsel requested a twenty-one day extension to investigate the case and prepare its response to the pending motions.  (Doc. 28).  The Court granted this motion on February 12, 2014, expressly noting that it ruled "[i]n the interests of justice, and in light of the appearance of new counsel on behalf of Defendant in this case," affording new Counsel until March 5, 2014 – one month after his appearance in the case and almost three months after Plaintiff filed her motions – to prepare and file Defendant's response.  Defendant's response did not respond to the pending motions; rather, it requested that the Court allow additional discovery.  (Doc. 30).  The Court declined to reopen discovery and noted that Defendant failed to provide any substantive response to the motions.  (Doc. 31 at 2 n.1).  The Court never denied Defendant an opportunity to file a substantive response or to make the legal argument first presented in its motion for reconsideration, which new Counsel has now advanced

---

"It is hard to imagine how an affidavit from one of its own witnesses would have been previously unavailable to [Defendant], and [Defendant] has not explained why it failed to introduce this evidence in opposition to summary judgment.  Instead it appears that [Defendant] attempt[s] to introduce evidence in support of new legal arguments that should have been raised earlier."  *CSX Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 824 (6th Cir. 2008).  Accordingly, the affidavit is excluded for purposes of the motion for reconsideration and Plaintiff's Motion to Strike (Doc. 39) is **DENIED AS MOOT**.

based on the same record before the Court in February 2014. The Court provided ample opportunity for Defendant's new Counsel to do so.[9]

Accordingly, Defendant's motion for reconsideration (Doc. 35) is **DENIED**.

## IV. DAMAGES

The FLSA provides that an employer is liable for actual unpaid minimum wage and overtime compensation, plus "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Unless the employer establishes both good faith and reasonable grounds for the incorrect classification under 29 U.S.C. § 260, this Court "has no power or discretion to reduce an employer's liability for the equivalent of double unpaid wages." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002). The Court previously found that Defendant failed to meet this "substantial" burden, *Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004), and Plaintiff is entitled to damages in an amount of double her unpaid wages.

Plaintiff's Verified Pleading demonstrates that her total unpaid wages is $6,514.96 and she is entitled to an equal amount as liquidated damages. (Doc. 32 at 3). Defendant presented no evidence to contradict Plaintiff's shifts worked, hours per shift, pay received, or any other aspect of her Verified Pleading. Accordingly, Plaintiff is **AWARDED** the sum of $13,029.92 in FLSA damages.

---

[9] Notably, the Court granted Defendant another extension of time to respond to Plaintiff's Verified Pleading. (Doc. 33). The parties attempted to reach a settlement on the damages issue, and the Court extended the filing deadline several times in response. Moreover, the Court held five status conferences by telephone from April to June 2014, and Defendant never raised the argument presented in its motion for reconsideration.

The Court also determined that Plaintiff was entitled to damages on her state law prompt pay claim. The statute provides:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday . . . and no contest[,] court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

Ohio Rev. Code § 4113.15(B). Plaintiff asserts she is entitled to $200 in liquidated damages for each of 15 instances of late payment, for a total of $3,000. (Doc. 32 at 3). Even though Defendant makes no argument in relation to this claim, the Court determines that the statute provides for a total of $200 in liquidated damages, not for $200 each instance.[10] Accordingly, Plaintiff is **AWARDED** the sum of $200 on her state law claim. Plaintiff's damages total $13,229,92.

## V.    ATTORNEY FEES AND COSTS

An award of attorney fees under 29 U.S.C. § 216(b) is mandatory, but the amount of the award is within the discretion of the Court. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Attached to Plaintiff's Verified Pleading is an itemized billing statement evidencing $27,130 in attorney fees and $362.75 in costs. (Doc. 32, Ex. A). The billing

---

[10] Plaintiff does not cite any authority in support of this contention and the Court was similarly unable to locate any. *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 578 n.2 (6th Cir. 2009) (addressing without resolving the contention that an employee is entitled to $200 in liquidated damages for each violation). This interpretation is based on the plain language of the statute. *See Rodriguez v. Rhodman*, No. 99AP-1235, 2000 WL 1160479, at *1 (Ohio App. Aug. 17, 2000) (noting that the employee demanded $200 in liquidated damages for two missed pay periods).

statement provides an itemized list totaling 84.60 hours expended at an hourly rate of either $125 or $400, for a total of $27,130.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining the reasonableness of fees, the Court remains cognizant that the "purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley*, 19 F.3d at 1134. Further, "[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourage[s] the vindication of congressionally identified policies and rights." *Id.* at 1134-35.

When a party achieves only partial success, a court should not mechanically reduce attorney fees based on the ratio of successful claims. *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 421 F.3d 417, 423 (6th Cir. 2005). Instead, the court must examine factors such as the degree of success obtained and the extent the claims are based on common facts and legal theories. *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822-23 (6th Cir. 2013). The attorney must provide sufficient documentation "to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation," and

insufficient billing descriptions can justify a reduction in the award. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008).

Here, Defendant does not challenge the reasonableness of the rate charged; however, it does challenge the number of hours expended on matters unrelated to her successful FLSA claims. Specifically, Defendant challenges time spent on the 11 since-dismissed claims in her original complaint and the unsuccessful motion for class certification.

Upon consideration of the operative factors, *see Waldo*, 726 F.3d at 822-23, the Court determines that a reduction in fees is appropriate. Plaintiff's motion for a collective action and class certification presented distinct legal issues from the merits of her underlying claims. Moreover, the Court denied the motion because it was based on conclusory assertions, was untimely filed, and did not comply with the rules governing certification. Based on the finding that Plaintiff abandoned her class allegations, it is appropriate to reduce the fee award in part. The supporting documentation also makes it difficult to determine whether all hours were reasonably expended and Plaintiff does not submit evidence to support the reasonableness of the $400 and $125 hourly rates, nor explain the difference. This further supports a partial reduction. The Court determines that a 10% reduction in fees is reasonable under the circumstances and does not thwart the purpose of the FLSA. *Farmer v. Ottawa County*, Nos. 98-2321, 99-1047, 2000 WL 420698, at *7 (6th Cir. Apr. 13, 2000) (affirming a 33% fee reduction in a FLSA case). Finally, Plaintiff's request for $362.75 in costs is reasonable and well supported.

Accordingly, Plaintiff is **AWARDED** the sum of $24,417 in attorney's fees and $362.75 in costs.

## VI.    CONCLUSION

For these reasons, Defendant's Motion for Reconsideration (Doc. 35) is **DENIED** and Plaintiff's Motion to Strike (Doc. 39) is **DENIED AS MOOT**.  Plaintiff is **AWARDED** the sum of $13,229.92 in damages, $24,417 in attorney fees, and $362.75 in costs.  The Clerk shall enter judgment accordingly, whereupon this case is **CLOSED** in this Court.

**IT IS SO ORDERED.**

Date: <u>10/7/14_____</u>                              <u>    s/ Timothy S. Black    </u>
                                                                          Timothy S. Black
                                                                          United States District Judge